(562) "The jury further find that by the laws of Virginia, bonds and notes are negotiable and transferable by endorsement, and that at the time of the endorsement by the plaintiff, the defendant was not present and knew nothing of it, and that there was no express request by the defendant to make such endorsement.
"The jury further find that if the law upon this statement of facts be with the plaintiff, they find all the issues in favor of the plaintiff, and assess his damages to eight hundred and ten dollars and seventy-one cents, of which sum seven hundred and seventy-seven dollars is principal money."
His Honor being of opinion, upon this special verdict, that the plaintiff was not entitled to recover, gave judgment of nonsuit, from which the plaintiff appealed.
In the case of Osborne v. Cunningham, decided at this term, we have said that assumpsit for money paid will not lie where one person pays the debt of another without his request, express or implied. In the case before us, the jury have found that there was no express request. The question then is, Will the law imply a request? The counsel for the plaintiff assimilates the case to that of an endorser on a bill of exchange or promissory note, who has paid all and taken up the paper, or who has paid part; he may maintain assumpsit for money paid to the use of the acceptor of the bill or drawer of the note. Pownall v. Ferrand, 13 Engl. C. L., 230. The answer to this argument is that the endorser of a bill or note is considered in law a surety. A bill is an undertaking by the acceptor, and a note by the drawer, to pay the sum named at all events; and each subsequent party, by his endorsement, undertakes to pay it upon the default of any prior party. Hence, by the nature of these instruments, each subsequent party is a surety for every prior one. Theobald on Principal and Surety, 180; Fell on Guarantees, 203. But the plaintiff was not a regular endorser — he was a mere volunteer, or placed his name on the bond only at the instance *Page 443 
of the agent of the then holder. As to compulsion of law in (563) paying the debt, it was a compulsion of the plaintiff's own seeking, which arose out of his own voluntary act, and the case is not like Exall v. Partridge, 8 T. R., 308, when the money was paid by the party under compulsion of law, to redeem his property from a distress not of his own creation. Cumming v. Forrester, 1 Maul. Selw., 494. The defendant has derived no benefit form the act of the plaintiff; the bond is not extinguished, and although said to be lost, a court of law cannot take an indemnity from the plaintiff. We think, in this case, the law does not imply a request to pay, and the judgment must be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Carter v. Jones, 40 N.C. 199.